IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS ALLEN BRASHER,<br><br>Plaintiff,<br><br>v.<br><br>ANN DAVIS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:26-CV-765-WKW<br>[WO] |

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

Plaintiff Marcus Allen Brasher, an inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint against three Defendants: Ann Davis; Kathy Garris; and Nurse Jamie. (Doc. # 1.) The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. After review, certain claims will be dismissed with prejudice as time-barred. The remaining claims contain pleading deficiencies that must be cured before this action may proceed.

## II. STANDARD OF REVIEW

Plaintiff is proceeding *in forma pauperis* (IFP). (Doc. # 4.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. The complaint also is subject to screening under § 1915A. Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the

allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint (or any portion thereof) must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations must present a "plain statement possessing enough

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, a complaint (or any portion thereof) is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A claim lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 557. The court cannot "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

## III. THE COMPLAINT'S ALLEGATIONS

Plaintiff's complaint, filed on September 24, 2026,[2] alleges incidents occurring during two timeframes. First, the complaint alleges that between February 2024 and August 2024, while Plaintiff was detained at the Chilton County Jail, his testicles were bleeding and he was denied medical attention. (Doc. # 1 at 2–3.) Plaintiff previously filed a civil action regarding these allegations: *Brasher v. Davis et al.*, 2:24-CV-553-WKW-CWB (M.D. Ala. docketed Aug. 29, 2024). That action was dismissed on April 14, 2025, for failure to prosecute and comply with court orders. *Id.*, Docs. # 26, 27.

Second, the complaint alleges that between June 2026 and September 2026, Plaintiff has been bleeding from his "inter buttcheeks" [sic] and has been "denied medical attention again." (Doc. # 1 at 3.) However, the complaint alleges no facts describing the specific acts or omissions attributable to each Defendant that resulted in the denial of medical treatment. Additionally, although Plaintiff does not identify what positions Defendants hold, it appears that Ann Davis serves as the warden of the Chilton County Jail and that Kathy Garris is the assistant warden. *See, e.g.*, *Noel*

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court will "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff signed and dated his § 1983 complaint "9-24-2026." (Doc. # 1 at 4 .) Therefore, Plaintiff's complaint is deemed filed on September 24, 2026, even though it was not received and docketed until September 30, 2026.

*v. Davis, et al.*, 2:24-CV-665-MHT-SMD (M.D. Ala. Nov. 20, 2025), Doc. # 23 (identifying Davis's and Garris's positions at the Chilton County Jail).

As relief, Plaintiff requests monetary payment for his pain and suffering while he was held in the Chilton County Jail between February 2024 and August 2024. (Doc. # 1 at 4.) No relief is sought for the alleged injuries occurring between June 2026 and September 2026. (*See* Doc. # 1 at 4.)

## IV. DISCUSSION

Plaintiff filed his complaint on a form used by inmates to bring suit under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff alleges that his rights were violated while he was incarcerated at the Chilton County Jail.[3] Although the complaint does not cite a specific federal constitutional provision, it is liberally construed as asserting a Fourteenth Amendment claim that Defendants were deliberately indifferent to Plaintiff's serious medical needs.[4]

To state a Fourteenth Amendment claim for deliberate indifference to his serious medical needs, Plaintiff must allege facts that plausibly show that "(1) [he] suffered a deprivation that was objectively[,] 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190 (11th Cir. 2025) (quoting *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc)). "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Wingo*, 160 F.4th at 1190–91 (quoting *Wade*, 106 F.4th at 1262).

[3] Based on a review of Alacourt, it appears that Plaintiff is a pretrial detainee. Alacourt provides online access to the State of Alabama's state trial court records and is available at https://v2.alacourt.com/. A federal court may take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020) (per curiam); Fed. R. Evid. 201(b)(2).

[4] As a former pretrial detainee, Plaintiff's rights at the time of his detainment in the Chilton County Jail were protected by the Fourteenth Amendment. *See Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1187, 1190–91 (11th Cir. 2025) (Fourteenth Amendment deliberate-indifference to serious medical needs claim brought by a pretrial detainee).

**A. <u>Deliberate-Indifference Claims Occurring Between February 2024 and August 2024: Barred by the Statute of Limitations</u>**

The claims based on the alleged denial of medical care occurring between February 2024 and August 2024 are barred by the statute of limitations.

When the affirmative defense of statute of limitations is apparent on the face of the complaint, the complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Watkins v. O'Brien*, 808 F. App'x 1021, 1022 (11th Cir. 2020) (per curiam) (affirming dismissal of a complaint as time-barred "and thus frivolous pursuant to § 1915(e)(2)(B)(i)"); *Reid v. Republic Bank & Tr. Inc.*, 805 F. App'x 915, 916 (11th Cir. 2020) (per curiam) (affirming the district court's *sua sponte* dismissal of some claims under § 1915(e)(2) "as frivolous" based on the expiration of the limitations period (citing *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990)); *Clark*, 915 F.2d at 641 n.2 ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."). "A complaint is also subject to dismissal for failure to state a claim when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Watkins*, 808 F. App'x at 1022–23 (cleaned up); *see also Wells v. Brown*, 58 F.4th 1347, 1350 (11th Cir. 2023) (en banc) ("And a complaint may be subject to dismissal for failure to state a claim—based on an affirmative defense—only when the affirmative defense appears on the face of the complaint."). In assessing timeliness at the pleading stage, "the standard for statute of limitations

pleading is whether a plaintiff has pled 'sufficient factual matter, that, accepted as true,' would state that the plaintiff is within the applicable statute of limitations." *Johnson v. Culpepper*, 2021 WL 3778363, at *2 n.3 (11th Cir. Aug. 26, 2021) (per curiam) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, the limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). "Federal law, though, determines when a § 1983 plaintiff's cause of action accrues." *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (cleaned up).

Here, Plaintiff alleges that he suffered bleeding testicles and was denied medical treatment during a defined period: February 2024 through August 2024. On those allegations, construed favorably to Plaintiff, the alleged wrongful conduct (denial of medical care for an objectively, sufficiently serious injury) would have been apparent to a reasonably prudent person at the time the medical treatment was denied. At the latest, any claim based on the alleged denial of care accrued by

August 2024, when Plaintiff alleges the denial period ended. Plaintiff's complaint is deemed filed September 24, 2026, which is outside the two-year limitations period for any claim accruing before the end of August 2024.

Plaintiff also alleges no facts suggesting a basis to toll the limitations period. "To warrant equitable tolling, a party must generally prove that he pursued his rights diligently and that extraordinary circumstances prevented him from filing a timely complaint." *Salley v. Goldston*, 727 F. App'x 981, 984 (11th Cir. 2018) (per curiam) (citing *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc)); *see also Ross v. Mickle*, 194 F. App'x 742, 744 (11th Cir. 2006) (per curiam) (affirming dismissal of complaint under 28 U.S.C. § 1915A review where the plaintiff "did not plead any facts indicating why the limitations period should toll"). Plaintiff's earlier timely complaint asserting the same claims forecloses any contention that extraordinary circumstances prevented timely filing. That complaint was dismissed without prejudice not because of any impediment beyond Plaintiff's control, but because Plaintiff failed to prosecute it and comply with court orders. *See Brasher v. Davis, et al.*, 2:24-CV-553-WKW-CWB (M.D. Ala. docketed Aug. 29, 2024), Docs. # 23, 26, 27; *see also Stein v. Reynolds Sec., Inc.,* 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice [for failure to prosecute] does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."); *Justice v. United States*, 6 F.3d 1474,

1478–79 (11th Cir. 1993) (recognizing "that *Stein* announces at least a general rule that the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations" (citing *Stein*, 667 F.2d at 33–34)).

Accordingly, because the complaint is untimely on its face under the two-year statute of limitations and alleges no facts to support tolling, Plaintiff's deliberate-indifference claim based on the alleged denial of medical treatment between February 2024 and August 2024 will be dismissed with prejudice as time-barred.

### B. Deliberate-Indifference Claims Accruing Between June 2026 and September 2026: Amendment to the Complaint Will Be Permitted

Next, Plaintiff alleges that "[f]rom June to September of 2026," he has been bleeding from his "inter buttcheeks" [sic] and that he is again being denied medical attention by the Chilton County Jail staff. (Doc. # 1 at 3.)

First, the complaint's allegations satisfy the objective component of a deliberate-indifference claim because they describe a persistent condition involving continuous bleeding over a four-month period. Such prolonged bleeding plausibly constitutes an objectively, sufficiently serious medical need. *See Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190 (11th Cir. 2025).

Second, Plaintiff alleges that, despite his ongoing bleeding, he again "was denied medical attention." (Doc. # 1 at 3.) The second element of the deliberate-indifference claim requires a defendant-specific showing of subjective awareness. "To meet the second step, the plaintiff must show that the 'defendant was actually,

subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Wingo*, 160 F.4th at 1190–91 (quoting *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc)). Plaintiff must therefore plead facts connecting each Defendant's own conduct to the alleged substantial risk of serious harm and that Defendant's subjective awareness of the risk.

Plaintiff does not identify how any Defendant allegedly denied him care, what medical attention (if any) was requested, which Defendant received the request, or how any particular Defendant responded. Plaintiff also does not allege that any Defendant knew of his ongoing bleeding or understood that the condition presented a substantial risk of serious harm and nevertheless engaged in conduct that caused or prolonged that risk. Nor does Plaintiff allege that any particular Defendant received and disregarded a request for treatment, prevented him from obtaining care, delayed his access to care, or otherwise failed to act despite subjective awareness of the alleged danger. Without such factual allegations, the complaint does not explain what any Defendant allegedly did or failed to do, much less that any Defendant "'was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Wingo*, 160 F.4th at 1190–91 (quoting *Wade*, 106 F.4th at 1262). The passive phrasing that medical attention "was denied" fails to place Defendants on notice of the conduct attributed to each of them. (Doc. # 1 at 3.)

Moreover, to the extent that Plaintiff seeks to hold any Defendant liable in a supervisory capacity, he must plead facts supporting a recognized basis for supervisory liability. Specifically,

> [t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam); *accord Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1298 (11th Cir. 2023). The complaint's passive-voice, generalized allegations are deficient because they do not identify any supervisor's conduct or plead facts plausibly supporting any of these bases for supervisory liability. Finally, the complaint is deficient for the additional reason that it requests no relief for the asserted constitutional violations. *See* Fed. R. Civ. P. 8(a)(3) (providing that "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief").

Notwithstanding these pleading deficiencies and in light of Plaintiff's *pro se* status, he will be given an opportunity to amend his complaint. "[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend

the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation omitted).

## V. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's claims based on the alleged denial of medical care occurring between February 2024 and August 2024 are DISMISSED with prejudice as barred by the statute of limitations pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1).

It is further ORDERED that Plaintiff must file an amended complaint **on or before December 4, 2026**. The amended complaint must:

1. Include only those Defendants whom Plaintiff contends are personally responsible for the alleged violations of his constitutional rights occurring from June 2026 to September of 2026;
2. Specify the actions or omissions of each Defendant that led to the alleged constitutional violations;
3. Describe how the acts or omissions of each Defendant harmed him;
4. Describe when and where these alleged violations occurred; and
5. State what relief is sought.

The amended complaint must provide "a short and plain statement" of each claim so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned

up); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's stated grounds for relief must go beyond mere "labels and conclusions" and provide a factual basis for each claim. *Twombly*, 550 U.S. at 555.

To aid Plaintiff in complying with this Memorandum Opinion and Order, the Clerk of Court is DIRECTED to provide him with a copy of the form used by prisoners to file 42 U.S.C. § 1983 actions: Pro Se 14 (Rev. 12/16), Complaint for Violation of Civil Rights (Prisoner). **Plaintiff must use the provided form to file his amended complaint**. The amended complaint will supersede the original complaint such that this action will proceed only as to Defendants named and the claims presented in the amended complaint.

Plaintiff is reminded that he must inform the court and Defendants (or, if represented, Defendants' counsel) of any change in his address within 14 days following such change of address. Plaintiff is CAUTIONED that failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 3rd day of November, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE